PIPPIN ET AL., APPELLANTS *v.* KERN-WARD BUILDING CO. ET AL.; CONTINENTAL FEDERAL SAVINGS & LOAN CO., APPELLEE.

(No. 44606—Decided November 18, 1982.)

*Mr. George V. McCullough* and *Mr. Richard P. Louth,* for appellants.

*Mr. Will M. Elmore* and *Ms. Wendy J. Gibson,* for appellee.

CORRIGAN, J. On September 9, 1977, appellants, Michael and Virginia Pippin, contracted with Kern-Ward Building Co. for the purchase of a newly to be constructed home. Continental Federal Savings and Loan Co. (formerly Cleveland Federal) provided financing and agreed to act as escrow agent for the closing. When the time came for the Pippins to move into their new home, they were dissatisfied with much of the building. On February 16, 1978, appellants signed the Release and Acceptance and attached a list of items still needing work. Appellee, Continental Federal, closed the transaction on February 21, 1978.

On November 16, 1979, appellants filed a complaint for breach of contract, alleging that they were damaged by the transfer of escrow funds prior to correction of alleged deficiencies in their home.[1] The first pretrial was held on April 11, 1980 and was continued. On September 4, 1980, appellee Continental Federal filed a motion for summary judgment, accompanied by brief, affidavit, and exhibits.[2] Another pretrial was held on July 23, 1981 at which time the court gave appellants thirty days to respond to the motion for summary judgment. On August 10, 1981, appellants filed a brief in opposition to the motion for summary judgment, with the supporting affidavit of Virginia Pippin, a copy of the withdrawal slip authorizing transfer of escrow funds, and the loan commitment letter.[3]

The trial court granted appellee's motion for summary judgment on October 30, 1981, with no just reason for delay. This timely appeal followed, in which appellants assign the following four errors for review:

"I. The court erred in not finding that defendant, Continental Federal Savings and Loan Association, was required to call plaintiffs prior to disbursement of funds to defendant, Kern-Ward Building Company.

"II. The court erred in granting defendant, Continental Federal Savings and Loan's motion for summary judgment.

"III. The decision of the court to grant defendant's motion for summary judgment is against the manifest weight of the evidence.

"The court erred in failing to recognize the close relationship between defendants, Continental Federal Savings and Loan Association and Kern-Ward Building Company, whereby the requirement of an impartial escrow agent was not created and in fact it was beneficial for defendant, Continental, not to inform the plaintiffs by phone of the impending transfer of funds.

"IV. The court's holding, that plaintiffs' documentary evidence failed to comply with the requirements of Rule 56 in that the affidavit was not based completely upon the personal knowledge of the affiant, is against the weight of the evidence."

## I

In their first assignment of error, appellants argue that the court erred in not

---

[1] Other parties-defendants, not before this court on appeal, are Kern-Ward Building Co., D.J. Caldwell Realty Co., Ronald Kern, and Edward Schaffer. Third-party defendants also not within this appeal include Boss Concrete, Art Schroeder, d.b.a. Inwood Building, West Point Construction, Don Mould's Plantation, and Claude McEntire, d.b.a. McEntire Roofing Co.

[2] The exhibits included the Escrow Receipt, Purchase Agreement and Conditions of Acceptance of Escrow, Acceptance of Possession (with Addendum), and copy of the deed.

[3] The other exhibits filed with appellants' brief were already submitted to the court through appellee's motion for summary judgment.

finding that Continental Federal was required to call them before disbursing escrow funds.

An escrow is a matter of agreement between parties, usually evidenced by a writing placed with a third-party depositary providing certain terms and conditions the parties intend to be fulfilled prior to the termination of the escrow. The depositary under an escrow agreement is an agent of both parties, as well as a paid trustee with respect to the purchase money funds placed in his hands. *Squire* v. *Branciforti* (1936), 131 Ohio St. 344 [6 O.O. 59].

*"The depositary may not perform any acts with reference to the handling of the deposit, or its disposal, which are not authorized by the contract of deposit.* Thus, a depositary holding a deed conveying land and a sum of money to pay therefor, the transaction to be consummated at a definite, fixed time which is made the essence of the contract, may not, in the absence of express authority from the vendee, surrender to the vendor any part of the money held, to enable him to remove encumbrances and perfect his title. *Likewise, if an escrow agent neglects to carry out the instructions of a party to the escrow agreement, liability will result for the damages induced thereby."* 20 Ohio Jurisprudence 2d 215, Escrows, Section 8. (Emphasis added.)

The duty of the escrow agent is therefore clear — to carry out the terms of the agreement as intended by the parties. The issue is thus whether appellants could vary the terms of the escrow agreement by merely writing "Call me — [phone number]" on the withdrawal slip.

The Ohio Supreme Court in *Squire* v. *Branciforti, supra,* at 354, cited 16 Ohio Jurisprudence 368, Section 11, for the proposition that:

" 'The depositary may not perform any acts with reference to handling the deposit, or its disposal, which are not authorized by the contract of deposit.' "

Next, the court cited a Kansas case with approval, *Wilson* v. *Woolverton* (1933), 137 Kan. 663, 21 P. 2d 313, wherein the court said: " 'That an instrument may operate as an escrow, * * * [the] parties must actually contract, and the deposit must be absolute and beyond control of [the] depositor.' " Finally, the Ohio Supreme Court noted that the very name "escrow" gives it the earmarks of a trust. *Id.* at 355.

Therefore, appellants misconstrue the nature of escrow when they urge that they had the power to stop or delay the transfer of escrow funds simply because they wrote "Call me" on the withdrawal slip and included their phone number. Escrow is controlled by the escrow agreement, placing the deposit beyond the control of the depositor and earmarking the funds to be held in a trust-like arrangement.

The escrow agreement or contract in the instant case, the Conditions of Acceptance of Escrow, provides in pertinent part:

"Provided the terms of the Escrow can be complied with, the *Cleveland Federal* Savings and Loan Association of Cuyahoga County *will not withhold completion* and settlement of the Escrow, *unless restrained by Order of Court,* and in so doing the Cleveland Federal Savings and Loan Association of Cuyahoga County shall not be or become liable to either the Buyer or Seller for its failure or refusal to comply with conflicting or adverse claims or demands.

"* * *

"The *Cleveland Federal* Savings and Loan Association of Cuyahoga County *assumes no responsibility* as to delivery of possession of premises; nor as to physical conditions of premises; nor as to the validity or title to any appurtenances thereto; *nor as to any building construction work or any repairs, alterations or additions to premises;* nor as to title to or delivery of any chattels or so called 'Personal Property'; which may be provided for in any Sales Agreement and/or

Escrow Instructions; nor as to any conditions or encroachments which an accurate survey would disclose." (Emphasis added.)

The parol evidence rule prohibits the introduction of evidence which contradicts or varies the writing or contract. Appellants urge that they were afraid of signing a blank withdrawal slip and wrote "Call me" in case something was not satisfactory or a problem developed in construction and they wanted to stop transfer of the escrow funds. This evidence, however, varies the terms of the contract wherein Continental Federal was not to withhold completion of the escrow unless restrained by court order and assumed no responsibility as to any building construction work or repairs to the premises, or for failure to comply with conflicting demands. Thus, appellants' evidence was inadmissible to vary the terms of the contract which were clear and unambiguous.

Therefore, we affirm the court's findings, as contained in its order of December 7, 1981, which state:

"Whether the plaintiffs requested that the bank withhold the funds is irrelevant. An escrow agent's duties are fixed and limited by the escrow agreement. The escrow agreement between the plaintiffs and defendant builder stated that the 'bank * * * assumes no responsibility as to * * * physical conditions of premises * * * alterations or additions to the premises.'

"Continental could not alter the terms of the agreement on the request of one of the parties. Continental's duties could only be changed by mutual consent of both parties. Because there was no agreement, the bank had no obligation to withhold funds. When the bank received all the materials necessary to allow it to close the transaction, it properly did so."

The first assignment of error is overruled.

II

Next, appellants argue that summary judgment was inappropriate where appellants gave appellee instructions to call, thus raising genuine issues of material fact. We find no merit in this argument due to our holding above that, *as a matter of law*, appellants could not vary the terms of the escrow agreement to give themselves control over the money they placed in escrow, a trust-like arrangement.

The second assignment of error is overruled.

III

The third assignment of error alleges that appellee was not an impartial escrow. We do not reach this issue because appellants raise it for the first time on appeal, and thus there is no evidence in the record to support such an allegation and allow for our review.

The third assignment of error is overruled.

IV

Finally, appellants' fourth assignment of error charges that the court erred in finding that Virginia Pippin's affidavit was not based on personal knowledge and thus failed to comply with Civ. R. 56.

Our review of appellant's affidavit fails to totally support the court's finding that it was outside Mrs. Pippin's personal knowledge. However, we find that the affidavit had several other deficiencies under Civ. R. 56 which justified the exclusion. Thus, the court in its ruling merely gave the incorrect reason for excluding the affidavit and such an error was harmless beyond a reasonable doubt.

The fourth assignment of error is overruled.

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

CELEBREZZE, J., concurs.

DAY, P.J., concurs in judgment only.