In re Horace C. FLANNERY, SS# 273–24–5224, Zita Marie Flannery, SS# 280–28–7617, Debtor(s).

BANCOHIO NATIONAL BANK, and John H. Henry, Movants,

v.

Horace C. FLANNERY, and Zita Marie Flannery, Respondents.

Bankruptcy No. 1–84–01293.

United States Bankruptcy Court, S.D. Ohio, W.D.

May 6, 1985.

698

Scott B. Tollefsen, Cincinnati, Ohio, for debtors.

Richard Boydston, Cincinnati, Ohio, for BancOhio Nat. Bank.

Richard J. Schimpf, Cincinnati, Ohio, for John H. Henry.

## DECISION AND ORDER

BURTON PERLMAN, Bankruptcy Judge.

BancOhio National Bank ("BancOhio") and John H. Henry ("Henry") initiated the present contested matter by moving pursuant to 11 U.S.C. § 362(d) for relief from the automatic stay of 11 U.S.C. § 362(a). Movants additionally seek an order of abandonment from the court pursuant to 11 U.S.C. § 554 with respect to the property dealt with in the motion. Movants seek relief from the stay so that they may proceed to secure their rights pursuant to a certain agreement to which the several parties hereto are signatory. Facts about the agreement are alleged. It is a loan agreement between Horace C. Flannery, debtor herein, Henry, and H. & F. Enterprises ("H & F") (a partnership in which Flannery and Henry were partners), on the one hand, and BancOhio as lender, on the other. The agreement provides that in the event of a default, Flannery is to assign all of his right, title, and interest in H & F to Henry. An assignment from Horace Flannery to Henry was placed in escrow. It is alleged that now a default has occurred, and the purpose of movants in their motion is to enforce the implementation of the loan agreement. The motion also alleges that debtors have no equity in the partnership property; that such property is not necessary to an effective reorganization; and that such property is burdensome to the estate.

Debtors have filed a document (Doc. B–5) which may be regarded as a response to the motion. Therein debtors point out that no allegation appears to support the existence of "cause" as required at 11 U.S.C. § 362(d)(1), that no evidence has been presented to support the statement that debtors have no equity in the property, and that the property is not necessary to an effective reorganization. Debtors state, to the contrary, that they have equity in the property and it is necessary to an effective reorganization. They contest as well an assertion that the property is burdensome to the estate. Finally, they allege that there has been no default in payment under the loan agreement.

A considerable period of time elapsed after the filing of the motion, acquiesced in by movants. During that time the parties discussed the securing of an appraisal of the property in question. In addition, one of the joint movants, Henry, has withdrawn as a moving party. The parties have found that they cannot agree upon an acceptable appraisal procedure. At this juncture

BancOhio filed a memorandum with the court to the effect that its original motion for relief from the stay should be resolved without the taking of evidence at all. The burden of that memorandum is that because Horace Flannery executed an assignment of his interest in H & F which assignment was placed in escrow, Horace Flannery's property interest in H & F is not property of the estate. Debtors have filed a memorandum in opposition to that of BancOhio in which they take issue with the proposition just stated.

The posture of the file before us is somewhat anomalous but the initiative of Banc-Ohio launched by its memorandum most nearly resembles a motion for summary judgment by BancOhio, and we will treat it as one. The evidentiary record does not comply with that contemplated in Rule 56 of the F.R.Civ.P., but both parties discuss and accept the same facts, and there is no objection by either to those relied upon by the other. We will, therefore, deal with the motion on the record presented by the parties. We have reached the conclusion that the motion must be denied. While there is no issue of fact, BancOhio is not entitled to judgment as a matter of law.

As earlier mentioned herein, in recounting the allegations of the original motion to modify stay, the parties entered into a loan agreement, and a copy was attached to the original motion. The Agreement provides that Section 1, part (b) on p. 2:

> (d) In the event that a default occurs under this Agreement, the Note and/or any document given by Borrower or any other entity or person relative to this Agreement and/or the loan at any time on or before May 27, 1985 then and in such event, upon ten (10) days' written notice from BancOhio to Borrower, Flannery shall immediately assign all of his right, title and interest in and to H. & F. to Henry, subject only to the security interest of BancOhio, and Henry shall automatically become personally liable (with full recourse) to BancOhio for the indebtedness evidenced by the Note, including, without limitation, any interest, expenses and/or other charges related thereto.

\* \* \* \* \* \*

> In order to implement the foregoing arrangement, the parties agree that: (1) Flannery shall execute, simultaneously herewith, an assignment of partnership interest; (2) Henry shall execute, simultaneously herewith, a note in the principal amount of $920,000.00; and (3) Henry, Flannery, BancOhio and Security Title and Guarantee Agency, Inc. shall execute, simultaneously herewith, an escrow Agreement. The forms for the assignment, Substitute Note and Escrow Agreement referred to in the preceding sentence shall be provided by BancOhio.

The loan agreement was executed May 25, 1983 as was a separate escrow agreement. The escrow agreement itself contains a recitation that the parties thereto have entered into the loan agreement, and that the service of the escrow agent is pursuant to that agreement. Flannery executed an assignment of partnership interests and placed it in escrow with the escrow agent who now holds it pursuant to the terms of the agreements.

A consideration of the language of the loan agreement discloses an intention that in the event of a default, thereafter Flannery "shall" assign his interests in H & F. Indeed, the very language of the agreement requires that before that occurs there must be ten days notice from BancOhio to Flannery and Henry. This intention disclosed by the plain language of the agreement is inconsistent with the position urged by BancOhio, that the placing of the assignment in escrow by Flannery immediately divested him of his property interests in H & F. Even if the borrowers, Flannery and Henry, had defaulted under the loan agreement, a fact which is contested by debtors, it is clear that the ten day notice period called for by the agreement did not expire until after the bankruptcy case was filed. Consequently by reason of the provisions of 11 U.S.C. § 541(a)(1), Flannery's interest in H & F became and is a part of the bankruptcy estate.

A recent Ohio case cited and relied upon by BancOhio is *Pippin v. Kern-Ward Bldg. Co.*, 8 Ohio App.3d 196, 456 N.E.2d 1235 (1982). That case is not inconsistent with the conclusion we have reached. While it holds, as contended by BancOhio, that the subject of the escrow passes beyond the control of the escrower except under the terms of the escrow agreement, the court in that case was not concerned with the question of property rights in the subject of the escrow. BancOhio also places very heavy reliance upon *In Re Newcomb (Karlson v. Farmers Home Administration)* 744 F.2d 621 (8th Cir.1984). That case does not, however, settle the question before us, because in that case the condition of the escrow was fulfilled prior to the time that bankruptcy occurred. That is not true in the case before us, and we have no doubt that as of the commencement of the case, debtors did hold a legal or equitable interest in H & F, the subject property.

Accordingly, the issue framed by the memoranda submitted by the parties which we have dealt with as though it were a motion for summary judgment, is resolved in favor of debtors. This contested matter shall now proceed on the remaining issues presented by the original motion. In order to move the matter forward we set a pretrial conference for the 21st of May, 1985 at 2:00 P.M. o'clock, Room 719, United States Postoffice and Courthouse Building, 5th and Walnut Streets, Cincinnati, Ohio, 45202.

SO ORDERED.