O'CONNELL

v.

**CITY TITLE COMPANY AGENCY.**

Court of Common Pleas of Ohio,
Cuyahoga County.

No. CV 294820.

Decided Feb. 27, 1997.

18

*Joseph J. Corso,* for plaintiff.

*Lustig, Icove & Lustig Co., L.P.A.,* and *Edward A. Icove,* for defendant.

Jose A. Villanueva, Judge.

BACKGROUND

The instant dispute arose out of an escrow agreement entered into by the parties in connection with the sale of a business and realty. The matter came on for hearing on defendant's motion for summary judgment and brief in support and affidavit and plaintiff's answer to "plaintiff's [*sic*] motion for summary judgment." [1] In addition to the aforementioned pleadings, the court has also considered the affidavit and deposition of defendant's representative, Sharon Mix, both of which have been filed with the court.

---

1. The court notes that in oral argument the parties agreed that no additional facts other than those already of record would be adduced at trial. In essence, the dispute in question was being submitted for decision on briefs although styled as coming on for hearing on summary judgment.

## FINDINGS OF FACT

The material facts are not in dispute and can be summarized as follows:

1. Defendant City Title Company Agency served as title and escrow agent for plaintiff Gary E. O'Connell in regard to sale of O'Connell's business and real estate.

2. The parties entered into a contract setting forth the terms and conditions of the escrow arrangement. The escrow contract contained "standard" terms and required, in relevant part, for plaintiff to pay all "of record liens and encumbrances."

3. Pursuant to defendant's standard practice (which is also apparently the industry practice), a search of public title records was conducted. All liens less than ten years of age were identified by defendant.

4. By this process, defendant identified two state of Ohio sales tax liens less than ten years of age.

5. Defendant's employee, Sharon Mix, contacted plaintiff and inquired as to his knowledge of the liens. Plaintiff acknowledged that the liens resulted from sales tax assessments made during his father's prior ownership of the business. Mix then advised plaintiff that she would call the state of Ohio to obtain a "payoff" amount. This payoff amount would be the payment required to satisfy the outstanding liens and remove them from the public title records.

6. Upon contacting the state of Ohio for the payoff amount for the liens, defendant was advised that there were a number of other sales tax liens over ten years old that the state of Ohio also wanted paid. Mix obtained a payoff amount for these liens also.

7. Mix contacted plaintiff and informed him that the state of Ohio was requesting payment for the additional liens. She supplied plaintiff with the entire amount requested by the state of Ohio.

8. Mix provided plaintiff with a list of all the liens for which the state of Ohio was insisting full payment.

9. Mix at no time advised plaintiff that some of the liens were over ten years old. Mix did not identify any of the liens as dormant.

10. Mix at no time suggested that plaintiff should consult with counsel regarding his obligation to pay any of the liens in question.

11. Plaintiff did not contest payment of the payoff amounts for any lien before the closing date of the transaction.

12. Plaintiff did not consult with legal counsel regarding his obligation to pay the liens in question prior to the closing date of the transaction.

13. Plaintiff authorized payment to be made on all the liens identified by the state of Ohio out of the escrow proceeds.

14. Subsequent to the closing date of the transaction, plaintiff challenged the payment of some of the "dormant" liens that were paid out of the proceeds of the transaction.

15. Plaintiff demanded that defendant reimburse him the sum of $8,295.97. This amount represents the aggregate amount of all the liens over ten years old that he claims he was improperly required to pay.

ISSUES PRESENTED

Judgments and liens older than ten years are considered "dormant" unless revived. R.C. 2329.07. Although reviving a dormant lien is a relatively routine procedure,[2] such liens cannot be enforced until they have been revived. Dormant liens also are not necessarily uncovered by a standard public title records search. In the instant case, a number of dormant liens were paid out of the proceeds of the real estate transaction. Existence of the liens was not revealed through an initial review of standard public title records. Rather, the liens were identified by the lien holder, state of Ohio.

The specific issue presented for determination is whether defendant breached its obligations as escrow agent by the manner in which it handled the information related to the dormant liens and by requiring plaintiff to pay them out of the proceeds of the transaction in question.

In resolving this issue, four more narrow questions must first be answered:

1. Are sales tax liens older than ten years subject to payment under the terms of the escrow agreement in question as "of record" liens?

2. Are sales tax liens older than ten years to be regarded as "encumbrances"?

3. Did defendant breach its contractual and/or fiduciary duties to plaintiff by requiring dormant liens to be paid out of proceeds?

4. Did defendant breach its contractual and/or fiduciary duties to plaintiff by not specifically advising plaintiff that some of the liens for which payment was

---

**2.** Dormant judgments may be revived under R.C. 2325.15 by filing a petition or motion in the court in which the judgment was rendered. Once service on the debtor is properly made, court-issued notice of hearing is sent and a hearing is had, at which the debtor is given the opportunity to show cause why the judgment should not be revived. The court is to revive the judgment unless the judgment debtor shows sufficient cause why the judgment should not be revived. *Leroy Jenkins Evangelistic Assn., Inc. v. Equities Diversified, Inc.* (1989), 64 Ohio App.3d 82, 88, 580 N.E.2d 812, 816–817. Under R.C. 2325.17, the judgment creditor may then refile the certificate of judgment to attach or "revive" the lien on the debtor's property.

being demanded by the state of Ohio were at least ten years old at the time and that they were not discovered in the initial record search?

DISCUSSION

After carefully considering the positions of the parties and all the pleadings and Civ.R. 56(C) materials submitted, the court resolves the first question in favor of plaintiff but resolves the remaining three questions in favor of defendant.

■    Specifically, the court determines that sales tax liens older than ten years and which were not discovered during an initial title search arguably are not "of record." However, the court further determines that the sales tax liens older than ten years meet the definition of "encumbrances." Thus, they were subject to payment out of proceeds under the terms of the escrow agreement.

■    Accordingly, the court finds that defendant did not breach its contractual and/or fiduciary duties to plaintiff by permitting the liens to be paid out of the proceeds of the transaction in question. Furthermore, defendant did not breach its contractual and/or fiduciary duties to plaintiff by not specifically advising plaintiff that some of the liens for which payment was being demanded by the state of Ohio were not discovered in the initial record search because they were at least ten years old at the time. In addition, defendant did not breach any duty by failing to advise plaintiff that he could challenge payment of the dormant liens or that he should seek legal counsel. Summary judgment is entered for defendant on all claims.

■    It is axiomatic that escrow is controlled by the terms of the escrow agreement. The escrow agreement places the deposit beyond the control of the depositor and earmarks funds to be held in a trust-like [3] arrangement. *Pippin v. Kern–Ward Bldg. Co.* (1982), 8 Ohio App.3d 196, 8 OBR 266, 456 N.E.2d 1235.

The parties in the instant matter agree in principle that defendant's obligations are to be first determined by reference to the escrow contract terms. They also agree that defendant City Title was at all relevant times in a fiduciary position *vis-a-vis* the parties to the transaction in question. *Saad v. Rodriguez* (1986), 30 Ohio App.3d 156, 30 OBR 275, 506 N.E.2d 1230.

The escrow agreement at issue states:

---

**3.** The depositary under an escrow agreement is an agent of both parties, as well as a trustee. He is an agent by virtue of the personal duties he performs and a trustee with respect to the funds placed in his hands by the party to whom the instrument is to be delivered. 41 Ohio Jurisprudence 3d (1983), Escrows, Section 7. Thus, a depositary may not, in the absence of express authority from the vendee, surrender to the vendor any part of the money held, to enable him to remove encumbrances and perfect his title. *Id.*

"Unless otherwise specified in the instructions, *Seller shall be chargeable with* the cost of the following items: examination of and title evidence, conveyance fee, one half escrow fee, all taxes and assessments due and payable to the County Treasurer at the date of filing the instruments for record in the within escrow, and *costs of satisfying of record liens or encumbrances* not specifically assumed by the Buyer according to instructions herein." (Emphasis added.)

There is no dispute that the escrow document language obligated plaintiff to pay for "of record liens or encumbrances." However, plaintiff contends that the language "of record liens" does not apply to dormant liens of the type uncovered by defendant in its initial record search. Since "dormant" liens are not "of record" and were not identified during defendant's initial standard title records search, plaintiff maintains that he was not obligated to satisfy them pursuant to the escrow agreement. Plaintiff asserts that defendant breached the contract by including the dormant liens as obligations to be paid before closing of the escrow.

Plaintiff further argues that the term "encumbrances" should not be interpreted to encompass liens and, therefore, cannot encompass "dormant" liens. Plaintiff contends that the phrase "of record liens" is intended to deal with all liens which are relevant for escrow purposes.

Plaintiff argues that "encumbrances" cannot encompass dormant liens because the term "encumbrances" appears in the same sentence as the term "liens." Plaintiff argues that interpreting "encumbrances" to capture dormant liens or liens of any nature is redundant and renders the escrow agreement ambiguous. Plaintiff takes the position that any ambiguity in these terms should be construed against defendant, who supplied the escrow contract with the standard contract language.

The court finds that plaintiff's arguments as a whole are without merit. Assuming for the sake of argument that "of record liens" does not specifically include dormant liens, it does not also follow that the latter are therefore excluded from payment as encumbrances according to the terms of the escrow agreement.

Rather, the court finds that the term "encumbrance" is broad enough to encompass dormant liens. Although a lien is an "encumbrance," the term encumbrance is broader than the term "lien." An encumbrance on land has been defined as any right to, or interest in, the land that may subsist in any person other than the owner to the diminution of the value of the land of the estate. *Condorodis v. Kling* (1928), 33 Ohio App. 452, 169 N.E. 836; *Harris v. Louisville Title Auth. for Northwest Ohio* (Apr. 11, 1986), Ottawa App. No. OT–85–17, unreported, 1986 WL 4384.

Affording "encumbrance" its ordinary meaning leads to the conclusion that its use in the escrow agreement operates to include dormant liens, which are arguably not "of record." Any overlap in the meanings of liens and encumbrances exists as a matter of definition and does not render the escrow agreement ambiguous. Thus, a dormant lien quite clearly fits under the definition of "encumbrance" and the escrow agreement properly permitted defendant to pay the dormant sales tax liens out of the proceeds of the transaction in question.

Having determined, as a matter of law, that the dormant sales tax liens at issue were properly paid out of proceeds pursuant to the escrow agreement, the court will next consider plaintiff's arguments that defendant breached its fiduciary obligations by the manner in which the sales tax lien information was communicated to him.

Plaintiff asserts that defendant, as escrow agent, "had not only a contractual duty with the plaintiff to pay only '* * * of record liens * * *' but also had a fiduciary duty to advise plaintiff that the State of Ohio was demanding payment for liens which were not '* * * of record * * *' but were 'dormant' and may have been unenforceable." Plaintiff's brief at pages 5 and 6. Plaintiff maintains that defendant had an affirmative obligation to supply him with sufficient specific information regarding the dormant liens so that he could have independently determined whether to authorize payment out of the proceeds or to contest their payment.

Plaintiff's counsel suggests that had plaintiff known prior to closing that some of the liens were dormant, he could have availed himself of the opportunity to consult with counsel. Plaintiff alleges that defendant breached the escrow agreement and its fiduciary obligation to him by giving him only a list of the liens without their ages and advising him that the state of Ohio was demanding full payment.

Defendant asserts that it had no duty to advise plaintiff as to the age of the liens or to explain how they were uncovered. Defendant argues that its obligations were fulfilled when it made full disclosure of the liens, dormant and otherwise, which it uncovered while acting as escrow agent. Moreover, defendant asserts that identifying some of the liens as "dormant" would have been tantamount to providing legal advice. Finally, defendant argues that plaintiff's arguments imply that defendant had some affirmative duty to advise plaintiff to seek legal counsel in regard to the additional liens for which the state of Ohio was demanding payment. Defendant denies it had such a duty either pursuant to contract or pursuant to any of its fiduciary responsibilities.

The court notes that defendant's uncontroverted deposition testimony reveals that plaintiff was advised that some nondormant liens were discovered in its initial search and that plaintiff was informed of this fact. Thereafter, defendant

advised plaintiff that upon requesting a payoff figure from the state of Ohio, the state demanded payment of additional liens. Although defendant did not specifically advise plaintiff that some of the liens were dormant or that they were at least ten years old, Sharon Mix did send plaintiff a breakdown of all the liens for which payment was being demanded by the state of Ohio. All of this information was sufficient to put plaintiff on notice to make further inquiry. It is clear from the evidence that plaintiff made no additional inquiry, that he did not consult with an attorney, and that he ultimately instructed Mix to file the transaction and pay the liens.

Plaintiff could have consulted with counsel at any time prior to the closing date for the transaction in question. He chose to proceed without the benefit of such advice. No authority has been cited to support the suggestion that Mix should have advised plaintiff to consult with counsel. Furthermore, no authority has been uncovered which would have required Mix to advise plaintiff to question the state of Ohio's demand for payment of the dormant liens.[4]

The court finds that defendant fully met its obligations pursuant to the terms of the escrow contract and had no obligation to supply more information than was given under the facts of this case. Defendant violated no fiduciary obligation to plaintiff by not telling him the age of the sales tax liens. Defendant violated no fiduciary obligation to plaintiff by failing to advise him or suggesting that the collectibility of the sales tax liens could be successfully challenged.[5] Similarly, defendant violated no fiduciary obligation to plaintiff by failing to advise him that he should consult with counsel with respect to the sales tax liens prior to the closing date of the transaction in question.

Finally, plaintiff's claims must fail for other reasons. The court notes that plaintiff has not supported his response to defendant's motion for summary judgment with any Civ.R. 56(C) materials and that defendant has submitted the deposition testimony of Sharon Mix. Thus, to the extent that resolution of any factual issues on which plaintiff would have the burden at trial has been necessary, and defendant addresses them by affidavit or deposition testimony, such issues have been resolved in favor of defendant. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265; *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095.

---

**4.** It is, in fact, legitimate to question whether Mix could have imparted such advice consistent with her joint fiduciary duty to both parties.

**5.** See footnote 2, *supra,* suggesting that reviving dormant judgments is relatively routine. It should also be pointed out that plaintiff acknowledged to Mix that the dormant liens arose during his father's tenure running the business.

In order to prevail in this matter at trial, plaintiff would reasonably have to show that (1) had he known some of the liens were dormant, he would not have authorized filing of the transaction and payment of the dormant liens and instead would have taken some other action, such as consulting with legal counsel, and (2) that he would have a reasonable probability of prevailing had he challenged the state of Ohio in its demand that he pay off the dormant liens. Plaintiff has submitted no Civ.R. 56(C) evidence to support these factual allegations. Since these are matters on which plaintiff would have had the burden of proof at trial, he cannot rest merely on the allegations contained in his complaint. Therefore, defendant is entitled to summary judgment on this basis also. Cf. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264.

CONCLUSION

For all of the foregoing reasons, the court grants defendant's motion for summary judgment at plaintiff's costs.

IT IS SO ORDERED.

*Judgment accordingly.*