ELEANOR DOUGLASS ET AL. *v.* THE CITY OF CINCINNATI.

1. What constitutes abutting property liable under the municipal code to be assessed for the improvement of a street, is to be determined by the situation of the property at the time of the passage of the ordinance directing the improvement, and prescribing the mode of making the assessment; and such liability is not affected by subsequent changes in the title to the property.

2. It is not the object of section 545 to define the property liable to be assessed to pay for such improvement; but to prescribe the time at which the assessment becomes a lien on the property and a personal charge against the owner.

MOTION for leave to file a petition in error to reverse the judgment of the Superior Court of Cincinnati.

The original action was brought by the city of Cincinnati for the use of Bolger & Crowley, contractors, to enforce an assessment for the improvement of Corry street in said city.

On the 19th of March, 1875, the common council declared by resolution the necessity of the improvement, and that the cost thereof should be assessed per front foot on the several lots of land abutting thereon; and that the assessments should be certified to the contractor in payment for the work.

On the 16th of September, 1875, the necessary steps having been taken therefor, the city entered into a contract with Bolger & Crowley to make the improvement.

The work having been completed in accordance with the contract, the board of improvements, on November 22, 1875, recommended to the council the passage of an ordinance making the assessment to pay for the same.

On the 7th of January, 1876, the council passed an ordinance assessing the cost of the improvement by the foot front on the several lots of land abutting on said Corry street from Vine street to Jefferson street.

Corry street was improved from Vine street to Jefferson

street; and until November 8, 1875, Eleanor Douglass was the owner of a lot of ground fronting one hundred and thirty-five feet on Corry street, being part of block 7 in the sub-division of William Corry's heirs.

The lot was bounded on the north by Corry street, on the east by Vine street, and on the west by an alley. It extended back from Corry street on the west side sixty-eight feet, and on the east side along Vine street one hundred and eighty-five feet.

On the 8th of November, 1875, Eleanor Douglass conveyed to Thomas F. Corry the part of the lot fronting on Corry street, the part conveyed being in the form of a triangle, thirty feet wide at the east end, and running to a point at the west end.

The answer of Mrs. Douglass set up by way of defense, in substance, that at the date of her conveyance to Thomas F. Corry, the ordinance assessing the cost of the improvement had not been passed; and that the part of the premises not so conveyed did not abut on Corry street, and was not subject to the lien created by the assessment.

Corry set up in his answer that the parcel conveyed to him ought to be assessed separately, and without reference to the remainder of the premises retained by Mrs. Douglass, and that the parcel so conveyed was not subject to be assessed for more than $150, which was one-fourth of its value.

Demurrers to the answers having been overruled, a judgment was rendered charging the assessment upon the entire lot, as well the part retained by Mrs. Douglass as that conveyed to Corry. No personal judgment was prayed for, or rendered against either of the parties.

On error, the judgment was affirmed by the Superior Court in general term ; and the object of the present petition in error is to obtain the reversal of these judgments.

*I. J. Miller,* for the motion.

*J. D. Brannon,* contra.

WHITE, J. We find no error in this case.

The improvement was made under chapter 49 of the municipal code.

Section 540 declares that no public improvement provided for in chapter 49, the cost or part of the cost of which is to be specially assessed on the owners of adjacent property, shall be made without the concurrence of two-thirds of the whole number of members elected to the council, unless two-thirds of the owners to be charged shall petition therefor.

. Section 565 provides, that upon the expiration of the time limited for filing claims for damages, the council shall determine whether they will proceed with the proposed improvement or not; and if they shall decide to proceed therewith, they shall then provide, by ordinance, for the same.

By section 576 the council is authorized to levy and assess a tax on all the lots or lands abutting on the proposed improvement, either in proportion to the foot front of the lots or lands so abutting, or according to the value of such lots or lands as assessed for taxation, as may be equitable, and as the council may in each case determine.

Whether the improvement is to be paid for by special assessments, and, if so, in what mode the assessments are to be levied, is to be determined when the improvement is ordered.

In order to enable the council to determine understandingly whether the cost of the improvement, or of some part of it, ought to be raised by special assessment, it is necessary that they should know what property will be liable for such assessment. And after, in view of such liability, the work has been ordered, the liability ought not to be affected by changes in the title to the property.

The theory on which assessments are authorized is the presumed benefit resulting to the property from the improvement; and in so far as they are made a personal charge on the owner, it is only in respect to the property.

It seems to us, therefore, that what constitutes abutting

property is to be determined by the situation of the property at the time of the passage of the ordinance directing the improvement and prescribing the mode in which it is to be paid for.

The subsequent proceedings are merely the carrying out of the scheme of improvement provided for in the ordinance.

The claim of the plaintiffs in error is that the power of assessment is limited to the property of those who own immediately on the street at the time the cost of improvement is actually assessed.

They rely on section 545, which is as follows : " All assessments shall be payable by the owner or owners of the property assessed personally by the time stipulated in the ordinance making the same, and shall be a lien from the date of the assessment upon the respective lots or parcels of land assessed."

It is not the object of this section to define the property liable to be assessed, but to prescribe the time at which the assessment becomes a lien on the property and a personal charge against the owner.

*Leave refused.*