Shauck, J.
This is a suit brought by the plaintiff to enjoin the collection of an assessment made under the act of May 11, 1886, known as the “Taylor law,” the assessed lot of the plaintiff being at the corner of Mound street and Champion avenue, its end abutting on the former street, and its side upon the latter, for whose improvement the assessment is made. The contention of the plaintiff is that for the improvement his lot is liable to be assessed only to the extent of its narrow front, 37½ feet, and 63 feet the amount of its side front that is occupied with buildings which face Champion avenue, and which are entered from that street. The city insists upon its right to assess the entire side frontage of 150 feet, the view by which that right is supported being that it is founded upon the imperative provision of the first section of the act of May, 1886, “ that said improvements shall be paid for and assessed upon the property abutting on the same in accordance with the various provisions of this supplement, etc.,” which means all abutting property. It is also insisted that if resort be had to section 2264, Rev. Stat., the city has made this assessment in strict pursuance to the power conferred to assess “by the front foot of the property bounding and abutting upon the improvement;” that every corner lot fronts upon both of the streets by which it is bounded, that ever since the expenses of street pavements and sidewalks have been paid by assessments on *80 abutting property vendors and purchasers of corner lots have considered that they were subject to assessments according to both fronts; that such assessments have been upheld in large numbers of cases decided by the supreme and other courts of the state, and that it is therefore inequitable to relieve the lots of that liability ; that the assessable property is the lot which bounds and abuts upon the street improved, and not the buildings which may not abut upon the street nor be co-extensive with the lot line; that lots not built upon are liable to the assessment, and, if built upon, they are to be assessed by their frontage upon the street improved without regard to the architectural elevations of the buildings or the entrances to such buildings, and that in the language of White, J., in Douglass v. Cincinnati, 29 Ohio St. 165, “The theory on which assessments are authorized is the presumed benefit resulting to the property from the improvement,” which benefit is always in proportion to the extent to which the property fronts or abuts on the improvement.
It is also suggested that since the first section of the act of May 11th provides that the entire cost of this improvement shall be paid by assessments upon all the property which abuts upon it, and the second section that the bonds shall bear the name of the street for whose improvement they are issued, and shall state that they are to be paid by assessment on the abutting property, the city is without authority to pay the bonds out of its general fund; that if there is authority to increase the assessment upon interior lots so as to provide for a deficiency created by a release of part of the side frontage of corner lots, the exercise of that authority would be unjust to the owners of such interior lots, and if there is no such authority, the contention of plaintiff’s counsel would lead to a repudiation of the obligations of the city.
In view of the decision of the Supreme Court in Haviland v. Columbus, 50 Ohio St. -, the subordinate courts are entitled to assume that there is no merit in this contention. It is there decided that a corner lot may not have two fronts, *81 and that the real front is "to be determined by the manner in which it was laid out, or in which it has been built upon, and used and occupied by the owner.”
We are advised of nothing significant in the manner in which the plaintiff’s lot was laid out. It is a parallelogram, having a frontage of 37-J feet on Mound street at one end, an equal frontage upon an alley at the other end, and a side frontage of 150 feet on Champion avenue. But the facts agreed to by counsel for the purposes of trial show that after the making of the street improvement, the plaintiff erected two houses on said lot at the end farthest from Mound street, the houses facing Champion avenue. His counsel concede that under the'doctrine of the Haviland case, his lot to the extent that it is occupied by houses facing Champion avenue, 63 feet, must be regarded as fronting on the improvement and liable to the assessment. But we do not understand that case as deciding that part of a lot of this character can be regarded as fronting on one street and part on the other. To the extent to which we are now concerned with the doctrine of that case, we think it is that it the lot is unimproved, or if improved, and the narrow frontage alone is used for the purpose of architectural elevations and ingress and egress, the narrow frontage alone is, in either case, within the contemplation of the assessment statute. But if there are erections upon the lot showing the owner’s intention to use both streets for the purposes of architectural display and ingress and egress, or to use only the side frontage for those purposes,.then, in either case, the entire side frontage, within the contemplation of the statute, is subject to assessment for the improvement of the street upon which the lot has the longer frontage. The entire lot is, within the plaintiff’s curtilage, the fronts of his buildings overlook the improvement, and it should not diminish his liability in this case that he may not use that portion of the lot which lies between his erections and Mound street for any purpose except light and air, and other purposes incident to such erections. The *82 facts show that the plaintiff has adopted the Champion avenue front of his lot as its principal front.
DeWitt C. Jones, for plaintiff.
G. H. Barger and Florizel Smith, contra.
If this view is not correct, plaintiff's counsel may have gone too far in admitting that the side frontage is assessable not only to the extent of the 63 feet occupied by the buildings, but to the farther extent of 37½ feet, the equivalent of the end frontage which is assessed under the doctrine of Ham-land v. Columbus, not according to the terms of the statute, but “according to a fiction ” ; for it might turn out that the fiction in which this equity resides occupies 37½ feet of the 63 feet occupied by the plaintiff's erections.
We think the Champion avenue front of plaintiff's lot is “real;'' and there will be a judgment for the defendant.