WELLS ET AL., APPELLEES, *v.* DuROSS ET AL., APPELLANTS.

(No. 36442—Decided October 6, 1977.)

*Mr. Leonard J. Cass,* for appellees.
*Mr. John M. Alexander,* for appellants

PRYATEL, J. On July 2, 1973, the Council of the city of Lyndhurst, Ohio, passed Resolution Number 73-47, declaring it necessary to construct or repair sidewalks fronting certain parcels of land situated in its jurisdiction.

The defendants, Mr. John DuRoss and Mrs. Joan Du-Ross, appellants herein, received a notice from the city of Lyndhurst Building Department, Sidewalk Division, styled "Notice to Repair Sidewalk," and dated July 5, 1973. The notice informed the appellants of the passage of the resolution of necessity. It further notified them that they were required to repair, replace or relay certain defective sidewalk sections and the apron of a driveway abutting the parcel then owned by them. The notice stated that if the work were not done within fifteen days, the city would make the repairs and then assess the costs plus a monetary penalty. The notice estimated the cost of the work to be $435.

The appellants subsequently conveyed title to the plaintiffs, Mr. Carl W. Wells and Mrs. Doloreen Wells, appellees herein, by a deed dated May 17, 1974, which warranted, in pertinent part, the following covenant:

"And I, Joan DuRoss, married, the said Grantor, do for myself and my heirs, executors and administrators, covenant with the said Grantee, her heirs and assigns, that at and until the ensealing of the presents, I am well seized of the above described premises, as a good and indefeasible estate in fee simple, and have good right to bargain and sell the same in manner and form as above written, and that *the same are free from all incumbrances whatsoever except* restrictions of record and any conditions, reservations, zoning ordinances, if any, and *taxes and assessments, both general and special, for the current half of the taxable year and thereafter,* and that I will warrant and defend said premises, with the appurtenances thereunto belonging to the said Grantee, their heirs and assigns, against all lawful claims and demands whatsoever except as above stated." (Emphasis added.)

On July 22, 1974, approximately two months after the appellees obtained title to the parcel, the Lyndhurst Coun-

52

cil passed Ordinance Number 74-62, which stated:

"This Council finds that it has heretofore, by resolution, declared that sidewalks be constructed or repaired in accordance with plans and specifications therefore on file and that written notice of the passage of such resolution was served upon the owner or agent of the owner of each parcel of land abutting on such sidewalks in the manner provided by law. This Council further finds that the sidewalks hereinafter referred to were not constructed within the required period after the receipt of such notice, that the same have now been constructed by the City, and that the cost thereof should be assessed against the lots and lands abutting on such sidewalks."

Based on these findings, the ordinance levied assessments upon nineteen parcels of land abutting the newly constructed or repaired sidewalks, including the parcel conveyed from the appellants to the appellees.

A "Notice to Property Owners" dated July 23, 1974, and addressed to the former owners (the appellants) was sent to the premises. It stated that the amount of the assessment would be $495.37 if paid in full by August 26, 1974, or $520.14 if paid thereafter. The new owners (the appellees) paid the bill to the city of Lyndhurst.[1]

In the second count of a three count complaint,[2] the appellees claimed that the assessment constituted a breach of the above-quoted covenant which damaged them in the amount of $552.20. Both sides filed motions for summary judgment and briefs in support thereof on the question of law whether the liability for the special assessment attached in 1973[3] or in 1974.[4]

---

[1] The record does not show, however, which amount was paid, or when.

[2] The first count was voluntarily dismissed by the plaintiffs-appellees. On the third count, summary judgment was granted for the plaintiffs-appellees. Neither is the subject of this appeal.

[3] In 1973, Council passed the resolution of necessity and the former owners (the appellants) had the title.

[4] In 1974, Council assessed the costs of construction and the new owners (the appellees) had the title.

On March 30, 1976, the trial court granted the appellees summary judgment, without opinion, and entered a judgment in their favor as prayed for.

The appellants filed a timely notice of appeal, raising a sole assignment of error, phrased as follows:

"A special assessment levied by a municipal corporation against private property becomes final and effective only after the proper adoption of an ordinance of assessment by the legislative authority of the municipal corporation pursuant to section 727.25 [sic][5] of the Ohio Revised Code."

R. C. 729.01 empowers municipal corporations to construct or repair sidewalks, curbs or gutters and assess the cost against the lot or lots abutting thereon according to the procedure outlined in R. C. 729.02 through 729.10.

R. C. 729.10 further incorporates into this legislative process the provisions of R. C. 727.26 to 727.43. R. C. 727.27 in particular pertains to the present case. In pertinent part, it provides:

"Special assessments are payable by the time and in the manner stipulated in the assessing ordinance * * * *and are a lien from the date of the passage of such ordinance* upon the respective lots or parcels of land assessed." (Emphasis added.)

The appellees rely on *Douglas* v. *Cincinnati* (1876), 29 Ohio St. 165[6] (wherein the court construed a similarly worded predecessor[7] of this section of the code) to sup-

---

[5] R. C. 729.09, not R. C. 727.25, provides for the adoption of an assessment ordinance for the construction and repair of sidewalks, curbs and gutters, municipal improvements of the kind involved in the present case. R. C. 727.25 provides for the passage of an ordinance of assessment with respect to other kinds of municipal improvements.

[6] The appellees also cite *Sandrock* v. *Columbus* (1894), 51 Ohio St. 317, *Spangler* v. *Cleveland* (1880), 35 Ohio St. 469, and *State, ex rel. Gross,* v. *Miami Conservancy District* (1941), 35 Ohio Law Abs. 86, *affirmed* 141 Ohio St. 52, which follow the holding of *Douglass* v. *Cincinnati, supra.*

[7] Section 545 of the Municipal Corporation Act of May 7, 1869, 66 Ohio Laws 242, provided: "All special assessments shall be payable by the owner or owners of the property assessed personally, by the time

port their position that they are not liable for the assessment since they did not own the property assessed at the time the resolution of necessity was passed.

We believe that their reliance is misplaced. Paragraph one of the syllabus of that case provides:

"What constitutes abutting property liable * * * to be assessed for the improvement * * * is to be determined by the situation of the property at the time of the passage of the ordinance directing the improvement, and prescribing the mode of making the assessment; and such liability is not affected by subsequent changes in the title of the property."

We are in accord with that ruling. However, as we read *Douglass* v. *Cincinnati, supra,* only the *identity* of the property ultimately to be assessed remains unchanged after the passage of a resolution of necessity. We hold that while the identity of the property to be assessed does not change, its owners may.

In *Douglass, supra,* for the Cincinnati City Council to determine whether the cost of the improvement, or of some part of it, ought to be raised by special assessment, it was necessary that the council know what property would ultimately be liable for assessment before passing a resolution of necessity. Therefore, Mrs. Douglass' divestiture, between the passage of the resolution and the date of the assessment, of only that part of her property fronting the street to be improved did not change the area of land liable for the assessment; it merely added a new owner liable for some of the assessment. Indeed in *Douglass, supra,* the additional owner did not challenge the levy of assessment but only the amount of the assessment allocated to him.

Moreover, the remaining paragraph of the *Douglass* syllabus itself states that the object of a provision worded such as R. C. 727.27 is "not * * * to define the property liable to be assessed to pay for such improvement; but to prescribe the *time* at which the assessment becomes a

stipulated in the ordinance making the same, and shall be a lien from the date of the assessment, upon the respective lots or parcels of land assessed."

lien on the property and a personal charge against the owner." (Emphasis added.)

Since an assessment levied for municipal improvements is in the nature of an encumbrance upon the property assessed, *Mallo* v. *Dover* (1929), 36 Ohio App. 84, it would violate a covenant of warranty against encumbrances if it were levied before and remained unpaid at the time of a conveyance. *G. Andrews Espy Realty Co.* v. *Burton-Rodgers, Inc.* (1952), 94 Ohio App. 417. However, an assessment not yet levied but merely proposed by way of a resolution of necessity does not become a lien at the time the resolution is passed, *Moore* v. *Alliance* (1929), 7 Ohio Law Abs. 723, and therefore would not violate a covenant of warranty against encumbrances made in a subsequent conveyance.

In the present case, the parcel involved was conveyed between the passage of the resolution of necessity, which created no lien, and the passage of the assessment ordinance whereby the lien was created. Therefore, when title passed to the appellees, it was as yet unencumbered by a lien of assessment. Hence, the appellants did not violate the covenant of warranty contained in the deed.

It should be pointed out that a call to the office of the clerk of council for the city of Lyndhurst, where assessment proceedings are matters of public record (R. C. 727.12) would have revealed the likelihood of the assessment. Indeed, as a matter of law, purchasers are held to have constructive notice of such pending assessment proceedings. *Kahn* v. *Cincinnati* (1908), 11 C. C. (N. S.) 440. Moreover, with or without checking the records, purchasers may protect themselves even against impending assessments by means of pertinent covenants. See *Shiner* v. *Norwood* (1898), 17 C. C. 631.

We conclude that the trial court erred in granting summary judgment in favor of the appellees.

*Judgment reversed.*

PARRINO, P. J., and KRENZLER, J., concur.