WILLIAMS ET AL., APPELLANTS, *v.* CITY OF HIGHLAND HEIGHTS ET AL., APPELLEES.

(No. 46069—Decided June 21, 1983.)

*Mr. Robert R. Soltis,* for appellants.
*Mr. Dale C. Feneli* and *Mr. Matthew Hatchadorian,* for appellees.

CORRIGAN, P.J. The appellants, Arthur E. Williams et al., appeal from the trial court's dismissal of their case.

On July 14, 1982, the Highland Heights Council, which consists of seven elected members, passed the resolution of necessity that is the subject of this suit. Resolution No. 18-1982 passed by a vote of four ayes and three nays. The resolution called for the construction of concrete sidewalks along the west side of Miner Road, abutting property owned by the appellants and the class they represent. It provided that if the property owners did not construct the sidewalks at their own expense, the cost of constructing them would be assessed against the property of the abutting owners.

The appellants filed a complaint for preliminary and permanent injunction against the levy of special assessments for sidewalks to be constructed on their side

of Miner Road. The appellees filed a motion to dismiss and both parties filed briefs on the issue and stipulations of fact. In its opinion and order, filed October 22, 1982, the trial court granted the appellees' motion to dismiss and entered judgment against the appellants.

In this appeal the appellants raise the following assignments:

"I. The court of common pleas erred in granting defendants-appellees' motion to dismiss the complaint and judgment for defendants.

"II. Inasmuch as the resolution of necessity was not passed by the required three-fourths (3/4) vote of the Highland Heights City Council, the court of common pleas erred in not enjoining the invalid proposed levy of special assessments against the real property of plaintiffs.

"III. The court of common pleas erred in failing to follow the settled law as established in the binding precedent of *Davis* v. *Willoughby* (1962), 173 Ohio St. 338 [19 O.O.2d 270]."

I

All three of the appellants' assignments of error will be dealt with together since they all assert that the trial court erred in granting the appellees' motion to dismiss. The appellants assert as their sole basis for this appeal that the Highland Heights Council improperly enacted Resolution No. 18-1982 because it was not passed by a three-fourths affirmative vote. Therefore, the appellants argue that the appellees should be enjoined from acting upon the resolution. We find that there is no merit in this argument.

Resolution No. 18-1982 was enacted pursuant to R.C. 729.02, which describes the procedure a municipal corporation should follow when it finds that it is necessary to require the construction of sidewalks by the owners of the land abutting such sidewalks. This section contains no requirement that a resolution passed under it must be passed by three-fourths of the vote. Therefore, the appellees argue that a majority vote was sufficient.

The appellants, however, assert that R.C. 727.12 requires that a resolution passed under R.C. 729.02 must be passed by a three-fourths vote. R.C. 727.12 provides, in part:

"When it is deemed necessary by a municipal corporation to make a public improvement to be paid for in whole or in part by special assessment, *levied under sections 727.01 to 727.49, inclusive, of the Revised Code,* plans, specifications, profiles of the proposed improvement showing the proposed grade of the street and improvement after completion with reference to the property abutting thereon, and an estimate of the cost of the improvement shall be prepared * * *.

"* * *

"The passage of such resolution shall require the concurrence of three-fourths of the members elected to the legislative authority unless petitioned for by the owners of a majority of the front footage or the area to be assessed, in which event the passage of such resolution shall require the concurrence of a majority of such members. Such resolution shall be published as other resolutions." (Emphasis added.)

The appellants cite *Davis* v. *Willoughby* (1962), 173 Ohio St. 338 [19 O.O.2d 270], in support of their argument. In *Davis,* the court held that resolutions of necessity enacted under either R.C. Chapter 727 or 729 require an affirmative vote of three-fourths of the members of council. However, the court in *Davis* was interpreting a statute that is different from the statute that is currently effective. At that time, R.C. 727.09 (Recodification Act of 1953, the provisions of which are now found in R.C. 727.12) provided as follows:

"When it is deemed necessary by a municipal corporation to make a public improvement *to be paid for in whole or in*

*part by special assessments,* the legislative authority thereof shall declare the necessity for such improvement by resolution, three-fourths of the members elected thereto concurring. No such improvement shall be made without the concurrence of three-fourths of the members elected to the legislative authority * * *." (Emphasis added.)

R.C. 727.12 provides that it applies to resolutions enacted under R.C. 727.01 to 727.49, inclusive. R.C. 727.09 never contained such a provision. In adding that language to the new statute the legislature expressed an intent to limit the application of R.C. 727.12 to R.C. 727.01 to 727.49, inclusive.

Consistent with this interpretation of R.C. 727.12 is *Wells* v. *DuRoss* (1977), 54 Ohio App. 2d 50, 53 [8 O.O.3d 56], in which we held:

"R.C. 729.01 empowers municipal corporations to construct or repair sidewalks, curbs or gutters and assess the cost against the lot or lots abutting thereon according to the procedure outlined in R.C. 729.02 through 729.10."

Since R.C. 729.02 does not require that a resolution for the assessment of the construction of sidewalks must be passed by a three-fourths vote, a majority vote is sufficient.[1] The trial court properly dismissed this case and its judgment is affirmed.

*Judgment affirmed.*

PARRINO, J., concurs.

MARKUS, J., not participating.

---

[1] Section 4.06 of the city charter provides that an affirmative vote by four of the seven council members is sufficient to pass a resolution.