DECISION AND JUDGMENT ENTRY
{¶ 1} Berman Doyle Disbennett appeals from a Chillicothe Municipal Court judgment in favor of Heritage Way Properties, LLC (hereinafter "Heritage"). Heritage purchased a trailer park from Disbennett. Disbennett conveyed the trailer park to Heritage by general warranty deed despite the existence of an outstanding sewer assessment against the property. Seeking to recover the cost of the sewer assessment, Heritage filed a complaint against Disbennett alleging the following causes of action: (1) breach of the purchase agreement; (2) unjust enrichment; and (3) breach of the general warranty covenants. Heritage and Disbennett filed cross motions for summary judgment, and the trial court granted Heritage's motion on the breach of the general warranty covenants claim. On appeal, Disbennett contends that the trial court erred for the following reasons: *Page 2 
(1) the doctrine of merger by deed bars Heritage's claim; (2) Heritage expressly assumed the existing mortgage on the trailer park; (3) Heritage was not the real party in interest in the present suit; and (4) insurance estoppel and res judicata bar Heritage's claim. We agree with the trial court that Disbennett, as a matter of law, violated the general warranty covenants. Thus, we find that the trial court did not err when it denied Disbennett's cross motion for summary judgment. However, regarding Heritage's motion for summary judgment, we find that the trial court did err when it granted the motion. Specifically, in construing the record and all inferences in Disbennett's favor, we find that a genuine issue of material fact exists and that reasonable minds could reach different conclusions regarding whether Heritage is the real party in interest in the present suit. Accordingly, we affirm, in part, and reverse, in part, the judgment of the trial court and remand this cause to the trial court for further proceedings consistent with this opinion.
 I. {¶ 2} In 2004, Heritage entered into an agreement to purchase a trailer park from Disbennett. The purchase agreement required Disbennett to pay "all utilities, water taxes and city costs" up to the date of closing and to convey the property to Heritage by general warranty deed "free and clear of all liens, mortgages, utility liens or any other charges necessary to clear the title."
 {¶ 3} Heritage hired JNS Hale Enterprises, INC., dba Allyn Title Agency, INC. (hereinafter "JNS Hale"), a title insurance company, to perform a *Page 3 
title search of the property. During its title search, JNS Hale failed to discover a sewer assessment of $4,580.45 against the property.
 {¶ 4} On the closing date, Disbennett transferred the property to Heritage by general warranty deed. The deed contained an additional provision that Heritage would assume the existing mortgage on the property. Also on the closing date, Heritage and Disbennett both signed an affidavit and indemnification agreement with JNS Hale. In the affidavit, Heritage and Disbennett agreed that, "except as shown in the title insurance commitment or otherwise disclosed in writing" to JNS Hale, neither of them knew of any outstanding assessments, mortgages, or liens against the property. Heritage and Disbennett also agreed to indemnify JNS Hale for any losses it suffered as a result of false statements in the affidavit.
 {¶ 5} Sometime after closing, JNS Hale discovered the sewer assessment and contacted Disbennett in early 2005 seeking reimbursement of the $4,580.45. When Disbennett refused to pay, JNS Hale sued Disbennett in Chillicothe Municipal Court alleging breach of the indemnity agreement, unjust enrichment, and breach of an implied agreement to reimburse JNS Hale or Heritage for any losses suffered by JNS Hale as a result of defects appearing on the public record. In 2006, the trial court granted Disbennett's motion for summary judgment and entered judgment for Disbennett with JNS Hale taking nothing.
 {¶ 6} In 2007, Heritage filed the present suit to recover the cost of the sewer assessment. Heritage alleged breach of the purchase agreement, unjust enrichment, and breach of the covenants of the general warranty deed. Both Heritage and Disbennett filed motions for summary judgment. The trial court *Page 4 
denied Disbennett's motion, but granted Heritage's motion on breach of the general warranty covenants.
 {¶ 7} Disbennett appeals, raising the following assignments of error: I. "Did the trial court commit prejudicial error when it granted summary Judgment [sic] in favor of Plaintiff/Appellee?" And, II. "Did the Court [sic] commit prejudicial error when it failed to grant Summary Judgment in favor of Defendant/Appellant?"
 II. {¶ 8} We jointly address Disbennett's assignments of error. "Because this case was decided upon summary judgment, we review this matter de novo, governed by the standard set forth in Civ. R. 56." Comer v.Risko (2005), 106 Ohio St.3d 185, 186.
 {¶ 9} Summary judgment is appropriate only when the following have been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ. R. 56(A). SeeBostic v. Connor (1988), 37 Ohio St.3d 144, 146; Morehead v. Conley
(1991), 75 Ohio App.3d 409, 411. In ruling on a motion for summary judgment, the court must construe the record and all inferences therefrom in the opposing party's favor. Doe v. First United MethodistChurch (1994), 68 Ohio St.3d 531, 535.
 {¶ 10} The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. Dresher v.Burt (1996), 75 Ohio St.3d 280, 294, citing Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 115. *Page 5 
However, once the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party "may not rest upon mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ. R. 56(E). See, also, Dresher at 294-295.
 {¶ 11} In reviewing whether an entry of summary judgment is appropriate, an appellate court must independently review the record and the inferences that can be drawn from it to determine if the opposing party can possibly prevail. Morehead at 411-412. "Accordingly, we afford no deference to the trial court's decision in answering that legal question." Id.at 412. See, also, Schwartz v. Bank-One, Portsmouth,N.A. (1992), 84 Ohio App.3d 806, 809.
 A. {¶ 12} Disbennett contends that Heritage's claim is barred by the doctrine of merger by deed and by Heritage's express assumption of the sewer assessment.
 {¶ 13} We disagree that the doctrine of merger by deed bars Heritage's claim. "The doctrine of `merger by deed' holds that whenever a deed is delivered and accepted without qualification pursuant to a sales contract for real property, the contract becomes merged into the deed and no cause of action upon said prior agreement exists. The purchaser is limited to the express covenants only." Suermondt v. Lowe (2006),165 Ohio App.3d 427, 430. Merger by deed does not bar Heritage's claim because Disbennett violated a covenant of the deed itself by conveying the encumbered property. *Page 6 
 {¶ 14} The purchase agreement required Disbennett to convey the property to Heritage by general warranty deed. R.C. 5302.06 provides, "In a conveyance of real estate, or any interest therein, the words `general warranty covenants' have the full force, meaning, and effect of the following words: The grantor covenants with the grantee, his heirs, assigns, and successors, that he is lawfully seized in fee simple of the granted premises; that they are free from all encumbrances; that he has good right to sell and convey the same, and that he does warrant and will defend the same to the grantee and his heirs, assigns, and successors, forever, against the lawful claims and demands of all persons.'" "Since an assessment levied for municipal improvements is in the nature of an encumbrance upon the property assessed, it would violate a covenant of warranty against encumbrances if it were levied before and remained unpaid at the time of conveyance." Wells v.Duross (1977), 54 Ohio App.2d 50, 55 (internal citation omitted). Disbennett, however, conveyed the property to Heritage despite the existence of the sewer assessment. We find that the encumbrance violated a covenant of the general warranty deed itself. Therefore, Heritage prevails on this issue without having to rely on the purchase agreement.
 {¶ 15} We also disagree that Heritage expressly assumed the sewer assessment as part of Heritage's assumption of the mortgage. "In construing any written instrument, the primary and paramount objective is to ascertain the intent of the parties." Aultman Hosp. Assn. v.Community Mut. Ins. Co. (1989), 46 Ohio St.3d 51, 53. In the general warranty deed, Disbennett warranted that the property was "free from all encumbrances ***." Under the purchase *Page 7 
agreement, Disbennett agreed to "pay all utilities, water taxes and city costs related to the mobile home park up to the date of closing" and to "provide to the Buyer a General Warranty Deed free and clear of all liens, mortgages, utility liens or any other charges necessary to clear the title." There are no exceptions in either the deed or the purchase agreement for any assessments, liens, or taxes that Disbennett, as the mortgagee, had to pay. As a result, we find that the clear intent of the parties is that Heritage expected to receive a property free of encumbrances, and Disbennett agreed to provide a property free of encumbrances.
 {¶ 16} Accordingly, we find that Heritage's claims are not barred by the doctrine of merger by deed or by Heritage's express assumption of the sewer assessment.
 B. {¶ 17} Disbennett contends that Heritage is not the real party in interest in the present suit. "It is axiomatic that actions must be brought in the name of the party who possesses the substantive right being asserted under applicable law." Shealy v. Campbell (1985),20 Ohio St.3d 23, 24. To satisfy the real party in interest requirement, "courts must look to the substantive law creating the right being sued upon to see if the action has been instituted by the party possessing the substantive right to relief." Id. at 25.
 {¶ 18} Here, we find that a genuine issue of material fact exists as to whether Heritage is indeed a real party in interest in the present suit. Specifically, we find conflicting evidence as to whether JNS Hale, as a title insurance company, has *Page 8 
already reimbursed Heritage for the cost of the sewer assessment. If Heritage has been fully reimbursed, it would then be subrogated to JNS Hale and have no right of action against Disbennett. When a "subrogee has paid an entire loss suffered by the insured, it is the only real party in interest and must sue in his own name." Id., quotingCleveland Paint Color Co. v. Bauer Mfg. Co. (1951), 155 Ohio St. 17,25.
 {¶ 19} Heritage claims that it has not been reimbursed for the sewer assessment. In a supporting affidavit, Heritage's managing partner, Kenneth Howard, states that Heritage "at no time purchased title insurance for the purchase of the real property[.]" Similarly, in answers to interrogatories, Howard states that no insurance policy and title commitment were issued for the property, and that Heritage hired JNS Hale "to search the title only." The real estate settlement statement documents the cost of the title search, but contains no record of Heritage purchasing title insurance.
 {¶ 20} The record, however, shows enough conflicting evidence to make summary judgment for Heritage unwarranted. First, JNS Hale is a title insurance company, as Howard acknowledges in his affidavit ("Even though I had a title search conducted by a title insurance company[.]") Second, both Heritage and Disbennett signed an affidavit and indemnity agreement for JNS Hale that explicitly mentions title insurance. The first paragraph of the affidavit states: "Each person signing below says under oath that, except as shown in the title insurance commitment or otherwise disclosed in writing to [JNS Hale] in the transaction for which this affidavit is given, the following statements are true[.]" *Page 9 
The final paragraph indemnifies JNS Hale against losses for matters "appearing in the public records or attaching subsequent to September 1, 2004, but prior to the date the proposed insured acquires for value of record the estate or interest or mortgage covered in Heritage Way Properties, LLC's title policy or commitment."
 {¶ 21} JNS Hale initially sued Disbennett based, in part, on the language of the affidavit and indemnity agreement. In the first suit, JNS Hale claimed that Disbennett breached the indemnity agreement and was therefore required to reimburse JNS Hale for the amount of the sewer assessment. Construing all inferences in Disbennett's favor, we find it reasonable to infer that JNS Hale was seeking reimbursement from Disbennett because JNS Hale had already paid Heritage the $4,580.45. Otherwise, JNS Hale would have had no reason to seek reimbursement from Disbennett. JNS Hale did not purchase the property and had no obligation to pay the sewer assessment.
 {¶ 22} Therefore, we find that a genuine issue of material fact exists as to whether Heritage's claim has been subrogated to JNS Hale. If it has, Heritage has no claim against Disbennett and would not be a real party in interest in the present suit.
 {¶ 23} Similarly, because a genuine issue of material fact exists as to whether Heritage actually had a title insurance policy, we decline to address Disbennett's contention that insurance estoppel bars Heritage's claim.
 C. *Page 10 {¶ 24} Disbennett also contends that the doctrine of res judicata bars Heritage's claim. The doctrine of res judicata encompasses the two related concepts of claim preclusion, also known as estoppel by judgment, and issue preclusion, also known as collateral estoppel.O'Nesti v. DeBartolo Realty Corp. (2007), 113 Ohio St.3d 59, 61. For claim preclusion or issue preclusion to apply, the parties in the present suit must either be the same or in privity with the parties in the original suit. See id. (claim preclusion requires privity of parties); see, also, Thompson v. Wing (1994), 70 Ohio St.3d 176, 183
(issue preclusion requires privity of parties). As we stated earlier, material facts remain in dispute regarding the relationship between Heritage and JNS Hale. As a result, the question of privity between Heritage and JNS Hale is not ripe for review by this appellate court.
 D. {¶ 25} In conclusion, we find that, as a matter of law, Disbennett violated the covenants of the general warranty deed by conveying the encumbered property to Heritage. Consequently, we find that the trial court did not err when it denied Disbennett's cross motion for summary judgment.
 {¶ 26} However, in construing the record and all inferences in Disbennett's favor, we find that a genuine issue of material fact exists and that reasonable minds could reach different conclusions regarding whether JNS Hale has already reimbursed Heritage for the cost of the sewer assessment and, thus, whether Heritage is the real party in interest in the present suit. Consequently, we find *Page 11 
that the trial court erred when it granted Heritage's motion for summary judgment.
 {¶ 27} Accordingly, we sustain Disbennett's first assignment of error (that the trial court erred in granting Heritage's motion for summary judgment) and overrule Disbennett's second assignment of error (that the trial court should have granted Disbennett's own motion for summary judgment). We affirm, in part, and reverse, in part, the judgment of the trial court and remand this cause to the trial court for further proceedings consistent with this opinion.
JUDGMENT AFFIRMED, IN PART, REVERSED IN PART, AND CAUSE REMANDED. *Page 12 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART, REVERSED IN PART, and this CAUSE BE REMANDED for further proceedings consistent with this opinion, and Appellant pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Chillicothe Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J.: Concurs in Judgment Only.
Harsha, J.: Not Participating. *Page 1