[Cite as *Heritage Way Properties, L.L.C. v. Disbennett*, 2011-Ohio-2004.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

HERITAGE WAY PROPERTIES, LLC, :
:
    Plaintiff-Appellee, :
:    Case No. 10CA3190
    v. :
:    <u>DECISION AND</u>
BERMAN DOYLE DISBENNETT, :    <u>JUDGMENT ENTRY</u>
:
    Defendant-Appellant. :    File-stamped date:  4-18-11
_____

<u>APPEARANCES:</u>

James R. Kingsley, Circleville, Ohio, for Appellant

Joseph P. Sulzer, Chillicothe, Ohio, for Appellee.

_____

Kline, J.:

**{¶1}** Berman Doyle Disbennett (hereinafter "Disbennett") appeals the judgment of the Chillicothe Municipal Court, which granted summary judgment in favor of Heritage Way Properties, LLC (hereinafter "Heritage").  On appeal, Disbennett contends the following: (1) that Heritage's claim is subrogated to JNS Hale Enterprises, INC., dba Allyn Title Agency, INC. (hereinafter "JNS Hale"); and (2) that Heritage's claim is barred by res judicata.  We disagree.  First, Disbennett has not established a genuine issue of material fact that Heritage's claim is subrogated to any other party.  And second, Disbennett has not established a genuine issue of material fact that Heritage is in privity

with JNS Hale.  Accordingly, we overrule Disbennett's assignment of error and affirm the judgment of the trial court.

I.

**{¶2}**     This matter is before us for a second time.  See *Heritage Way Properties, LLC v. Disbennett*, Ross App. No. 08CA3054, 2009-Ohio-1207 (hereinafter "*Heritage I*").  In brief, Heritage purchased a trailer park from Disbennett.  During a title search of the property, JNS Hale failed to discover a sewer assessment of $4,580.45.  After Disbennett refused to pay the sewer assessment, JNS Hale sued Disbennett.  The trial court, however, entered judgment for Disbennett with JNS Hale taking nothing.  Later, Heritage filed the present case in an effort to recoup the costs of the sewer assessment. See *Heritage I* ¶2-6 (for a more in-depth discussion of the facts).

**{¶3}**     In *Heritage I*, we affirmed, in part, and reversed, in part, the trial court's grant of summary judgment to Heritage.  The *Heritage I* opinion states "that, as a matter of law, Disbennett violated the covenants of the general warranty deed by conveying the encumbered property to Heritage."  Id. at ¶25.  Nevertheless, the opinion also states "that a genuine issue of material fact exists * * * regarding whether JNS Hale has already reimbursed Heritage for the cost of the sewer assessment and, thus, whether Heritage is the real party in interest in the present suit."  Id. at ¶26.  Accordingly, we remanded this matter to the trial court.  (Finding the issue not ripe for review, the *Heritage I* opinion does not address Disbennett's res-judicata argument.)

**{¶4}**     On remand, Heritage produced an affidavit from Kenneth Howard (hereinafter "Howard"), the managing partner of Heritage.  Howard claimed that he "did not request title insurance from Joseph Hale, JNS Hale Enterprises, Inc., dba Allyn Title Agency,

Inc. Nor did [he] request or receive title insurance from anyone else for the real property." Affidavit of Kenneth Howard. Howard also testified that he had "not been reimbursed by Joseph Hale, JNS Hale Enterprises, Inc dba Allyn Title Agency, Inc., nor any other entity or individual for the water assessments[.]" Affidavit of Kenneth Howard.

{¶5}    Heritage also produced the affidavit of Joseph Hale (hereinafter "Hale"), the former president of JNS Hale. Hale claimed that he "was retained by the Plaintiff herein to conduct a title search. At no time did the Plaintiff request title insurance. Hence, no policy of title insurance was provided by a title insurance company through JNS Hale Enterprises, Inc. dba Allyn Title Agency Inc. to the Plaintiff for the property[.]" Affidavit of Joseph C. Hale.

{¶6}    Aside from deposing Howard, Disbennett did not produce any new evidence after the *Heritage I* remand. And during his deposition, Howard testified that he "paid the county the money" for the sewer assessment. Deposition of Kenneth Howard at 19.

{¶7}    Both Heritage and Disbennett filed competing motions for summary judgment, and the trial court granted summary judgment for Heritage.

{¶8}    Disbennett appeals and asserts the following assignment of error: "DID THE TRIAL COURT COMMIT PREJUDICIAL ERROR WHEN IT GRANTED SUMMARY JUDGMENT TO HERITAGE WAY PROPERTIES, LLC AND DENIED SUMMARY JUDGMENT TO BERMAN DOYLE DISBENNETT?"

                                                    II.

{¶9}    In his sole assignment of error, Disbennett contends that the trial court erred in granting summary judgment to Heritage. Based on the relationship between Heritage

and JNS Hale, Disbennett argues that Heritage's claim is either (1) subrogated to JNS

Hale or (2) barred by res judicata. For the following reasons, we disagree.

## A. Standard of Review

**{¶10}**     "Because this case was decided upon summary judgment, we review this

matter de novo, governed by the standard set forth in Civ.R. 56." *Comer v. Risko*, 106

Ohio St.3d 185, 2005-Ohio-4559, at ¶8. Summary judgment is appropriate only when

the following have been established: (1) there is no genuine issue as to any material

fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable

minds can come to only one conclusion, and that conclusion is adverse to the

nonmoving party. Civ.R. 56(C). See, also, *Bostic v. Connor* (1988), 37 Ohio St.3d 144,

146; *Grimes v. Grimes*, Washington App. No. 08CA35, 2009-Ohio-3126, at ¶14. In

ruling on a motion for summary judgment, the court must construe the record and all

inferences that arise from it in the opposing party's favor. *Doe v. First United Methodist

Church*, 68 Ohio St.3d 531, 535, 1994-Ohio-531, superseded by statute on other

grounds.

**{¶11}**     The burden of showing that no genuine issue of material fact exists falls upon

the party who moves for summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 294,

1996-Ohio-107. However, once the movant supports his or her motion with appropriate

evidentiary materials, the nonmoving party "may not rest upon the mere allegations or

denials of the party's pleadings, but the party's response, by affidavit or as otherwise

provided in [Civ.R. 56], must set forth specific facts showing that there is a genuine

issue for trial." Civ.R. 56(E). See, also, *Dresher* at 292-295; *Grimes* at ¶15.

{¶12}     "In reviewing whether an entry of summary judgment is appropriate, an appellate court must independently review the record and the inferences that can be drawn from it to determine if the opposing party can possibly prevail." *Grimes* at ¶16 (citation omitted). "Accordingly, we afford no deference to the trial court's decision in answering that legal question." *Morehead v. Conley* (1991), 75 Ohio App.3d 409, 412. See, also, *Schwartz v. Bank One, Portsmouth, N.A.* (1992), 84 Ohio App.3d 806, 809; *Grimes* at ¶16.

### B. Real-Party-In-Interest Introduction

{¶13}     The *Heritage I* opinion reversed, in part, the trial court for the following reason: "[A] genuine issue of material fact exists * * * regarding whether JNS Hale has already reimbursed Heritage for the cost of the sewer assessment and, thus, whether Heritage is the real party in interest in the present suit." *Heritage I* at ¶26. On remand, Heritage introduced new evidence on the real-party-in-interest issue. Disbennett, however, did nothing to rebut Heritage's new evidence. As a result, we now find (1) that Disbennett failed to establish a genuine issue of material fact and (2) that, as a matter of law, Heritage is the real party in interest.

### C. Real-Party-In-Interest Analysis

{¶14}     The *Heritage I* opinion bases its real-party-in-interest ruling on two genuine issues of material fact. As to one issue, the opinion finds that "a genuine issue of material fact exists as to whether Heritage actually had a title insurance policy[.]" Id. at ¶23. And on the second issue, the opinion finds "that a genuine issue of material fact exists as to whether Heritage's claim has been subrogated to JNS Hale." *Heritage I* at ¶22. On remand, Heritage produced Howard and Hale's affidavits, which both address

the two relevant issues from *Heritage I*. According to these affidavits, (1) Heritage did not purchase title insurance from JNS Hale; (2) Heritage paid the sewer assessment on the property; and (3) Heritage has not been reimbursed for the sewer assessment.

**{¶15}** Regarding title insurance, Disbennett has not produced any evidence that Heritage actually purchased title insurance from JNS Hale. Instead, Disbennett tries to equate a "title commitment" with a title-insurance policy. But without further evidence, we are not persuaded by this argument. See, generally, *Deutsche Bank Natl. Trust Co. v. Pevarski*, 187 Ohio App.3d 455, 2010-Ohio-785, at ¶56 ("[A] title search does not include the rendering of an opinion as to the validity of the title[.]") (citations omitted); *Saad v. Rodriguez* (1986), 30 Ohio App.3d 156, 157, fn. 2 ("A title commitment is the written report of the findings of the title search.").

**{¶16}** But even if Heritage had purchased title insurance from JNS Hale, Disbennett cannot establish that Heritage's claims are subrogated to JNS Hale. The principle of "[s]ubrogation allows [an] insurance company to recover * * * money it paid in benefits on behalf of its insured." *Keegan v. Sneed* (Oct. 16, 2000), Butler App. No. CA2000-02-029; see, also, *Harshman v. Harshman* (App. 1941), 35 Ohio Law Abs. 633 ("It is generally held that the doctrine of subrogation requires that the person seeking its benefits must have paid the debt due to a third person before he can be substituted to that person's rights."). And here, Disbennett has failed to rebut the evidence that Heritage (1) paid the sewer assessment and (2) has not been reimbursed for it.

**{¶17}** The general rule is "that a fully subrogated insurer is the real party in interest and must bring suit in its own name, for *when the loss is fully paid by an insurer* and the insurer becomes subrogated to the insured's claim against the wrongdoer, the insured

no longer has a right of action against the wrongdoer." *Shealy v. Campbell* (1985), 20 Ohio St.3d 23, 25 (emphasis added).  Significantly, Disbennett concedes that Heritage did not receive any insurance benefits as a result of the sewer assessment.  As Disbennett notes, "had the title company paid the assessment, it would be subrogated to the right of the property owner to pursue damages."  Brief of Appellant at 10.  But all the evidence shows that a title company did not pay the assessment – Heritage did. Therefore, JNS Hale cannot be a fully subrogated insurer, and Heritage's claim against Disbennett cannot be subrogated to JNS Hale.

**{¶18}**     Because there is no genuine issue of material fact related to subrogation, there is no genuine issue of material fact that an entity other than Heritage is the real party in interest.  Therefore, as a matter of law, we find that Heritage *is* the real party in interest.

## D. Res Judicata

**{¶19}**     Furthermore, res judicata does not bar Heritage's claim against Disbennett. "Res judicata by collateral estoppel applies 'when the fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action.'" *Kessler v. Totus Tuus, L.L.C.*, 185 Ohio App.3d 240, 2009-Ohio-6376, at ¶28, quoting *Thompson v. Wing*, 70 Ohio St.3d 176, 183, 1994-Ohio-358.  Disbennett contends that JNS Hale's earlier suit against Disbennett bars Heritage's claim in the present case.  But here, Disbennett has failed to establish a genuine issue of material fact that Heritage is in privity with JNS Hale.

**{¶20}** Disbennett cannot establish privity under a subrogation-related argument. Certainly, "[p]rivity exists in a subrogor-subrogee relationship." *Nationwide Mut. Fire Ins. Co. v. Logan*, Butler App. No. CA2005-07-206, 2006-Ohio-2512, at ¶12, citing *Nationwide Ins. Co. v. Steigerwalt* (1970), 21 Ohio St.2d, 87, 91.  As a result, Disbennett contends that, "had JNS Hale paid the assessment, it would have been subrogated."  Brief of Appellant at 12.  But here, it is undisputed that JNS Hale *did not* pay the assessment.  Therefore, Heritage is not subrogated to JNS Hale, and Disbennett cannot establish privity based on subrogation.

**{¶21}** Finally, we cannot find privity between Heritage and JNS Hale based upon a mutuality of interest.  The Supreme Court of Ohio "has utilized a broad definition to determine whether the relationship between the parties is close enough to invoke the [privity] doctrine. * * * In this spirit, the court has observed that a simple 'mutuality of interest, including an identity of desired result,' may create privity."  *Kessler* at ¶30, quoting *Brown v. Dayton*, 89 Ohio St.3d 245, 248, 2000-Ohio-148.  Here, Heritage is the real party in interest, and there is no evidence that JNS Hale was contractually obligated to reimburse Heritage for the sewer assessment.  (Again, we reject Disbennett's argument that a title commitment is the same thing as title insurance.)  And if JNS Hale had prevailed in its suit against Disbennett, there is no evidence that JNS Hale would have had to remit the proceeds from that suit to Heritage.  For these reasons, Disbennett cannot establish that Heritage's "interests were adequately represented by [JNS Hale] in the prior case."  *Powell v. Doyle* (Oct. 8, 1998), Cuyahoga App. No. 72900, citing *Metalworking Machinery Co. v. Fabco, Inc.* (1984), 17 Ohio App.3d 91.

And accordingly, we cannot find a genuine issue of material fact that Heritage and JNS Hale shared a mutuality of interest regarding JNS Hale's prior suit against Disbennett.

**{¶22}** Because Disbennett has not established a genuine issue of material fact that Heritage is in privity with JNS Hale, we find that res judicata does not bar Heritage's claim in the present case.

## E. Conclusion

**{¶23}** After construing the record and all inferences therefrom in Disbennett's favor, we find the following: (1) there are no genuine issues of material fact; (2) Heritage is entitled to judgment as a matter of law; and (3) reasonable minds can come to just one conclusion, and that conclusion is adverse to Disbennett.  Accordingly, we overrule Disbennett's assignment of error and affirm the judgment of the trial court.

**{¶24}** Finally, in finding that the trial court properly granted summary judgment for Heritage, we need not consider Disbennett's argument that the trial court should have granted his own motion for summary judgment.  See App.R. 12(A)(1)(c); see, generally, *Balson v. Dodds* (1980), 62 Ohio St.2d 287, at paragraph one of the syllabus ("A trial court's denial of a motion for summary judgment is reviewable on appeal by the movant from a subsequent adverse final judgment.").

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED.  Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Chillicothe Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, J. and McFarland, J.:  Concur in Judgment and Opinion.

For the Court

BY:_____
    Roger L. Kline, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**